

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 1, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | CASE NO. **23-32514** |
| | § | |
| **WILLIAM THOMAS FLANIGAN** | § | CHAPTER 13 |
| | § | |
| DEBTOR(S) | § | SCOTT W. EVERETT |

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

On February 29, 2024, the Court called for hearing the Trustee's Motion to Dismiss for Five Years (Doc 30). Thomas D. Powers, Standing Chapter 13 Trustee ("Trustee"), appeared, Richard Anderson, Debtor's counsel appeared, William Thomas Flanigan, Debtor, failed to appear.

The Court admitted documents into evidence, heard testimony from Taylor Algiere and heard argument from the Trustee and Richard Anderson.

The Court finds this matter to be a core proceeding. This Court has jurisdiction pursuant to 28 USC §157 and §1334 and 11 USC §1307(c).

The Court makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW.

## **FINDINGS OF FACT**

This case was filed on October 31, 2023. The Debtor appeared and testified under oath at the 341 meeting on December 14, 2023. The meeting was continued to January 4, 2023, and was then continued to January 25, 2024, due to Debtor being hospitalized. On January 25, 2024, the debtor failed to appear at the 341 meeting claiming he could not access Zoom. The Debtor failed to appear at the continued 341 meeting on February 1, 2024.

## **PRE-PETITON CONDUCT**

The Debtor is the managing member of Bon Vivant Mobile Life Corporation ("Bon Vivant").[1] Bon Vivant was in the business of building concession trailers. The Debtor, through Bon Vivant, proposed to build a concession trailer for Rise N Grind Coffee Co. Taylor Algiere is one of the principals of Rise N Grind Coffee Co. The trailer was constructed and delivered with significant defects. Taylor Algiere demanded the defects be cured.[2]

In response, Debtor emailed Taylor Algiere the false statement that Bon Vivant had filed bankruptcy.[3]

Debtor subsequently created a web site on Godaddy.com styled: *riseandgrindcoffeecompany.net*. Debtor posted false statements concerning Taylor Algiere on the web site, including but not limited to an accusation that Taylor Algiere had

---

[1] Trustee Ex. Doc 34-13
[2] Trustee Ex. Doc 34-5
[3] Trustee Ex. Doc 34-6

demanded sex from him and had sent nude pictures of herself to the Debtor.[4] Debtor also sent a series of emails to Taylor Algiere, with copies to her partner, stating again she had demanded sex from him and had sent nude pictures to him. Debtor also made false statements that 186 civil and criminal lawsuits had been filed against her.[5]

## POST-PETTION CONDUCT

Debtor failed to file accurate Bankruptcy Schedules and Statement of Financial Affairs. He gave false testimony and refused to provide direct answers at his 341 Creditors Meeting and provided false information to the Trustee after the 341 meeting.   The following are examples of Debtor's conduct.

Debtor, in his Bankruptcy Schedules, signed under penalty of perjury, declared he owed a debt to Rise N Grind Coffee Co.[6] After filing bankruptcy, Debtor continued sending emails falsely stating that Bon Vivant had filed bankruptcy, that Taylor Algiere demanded sex and sent nude pictures of herself to Debtor and that civil and criminal lawsuits had been filed against her.[7]

Debtor, in his Bankruptcy Schedules ("Schedules") and Statement of Financial Affairs[8] ("SOFA"), and in his testimony at the 341 meeting, made the following false statements under penalty of perjury: that he was unemployed, when in fact he was self-employed building concession trailers, (Schedule I,); that he was not married, (SOFA par. 1), and that he was not a party to a lawsuit, (Debtor was in a divorce proceeding[9]), (SOFA par 9).

---

[4] Trustee Ex. Doc 34 - 8-1 through 8-5
[5] Trustee Ex. Doc 7- 4
[6] Trustee Ex. Doc 2, Schedule E/F par. 4.7
[7] Trustee Ex. Doc 34 – 7-5 through 7-16
[8] Ex. Doc 34 – 1
[9] Trustee Ex. Doc 35, pg. 32, l. 3-10

Debtor failed to disclose he was the managing member of Builditect Services, LLC. (SOFA par. 27) and had done business under the name of Branded Cow.[10]

Debtor began building concession trailers using the trade name The Trailer Professionals. He also assumed the name, James Stallings to hide his identity.[11]

Debtor, during his 341 meeting, falsely testified under oath that Taylor Algiere had solicited sex from him, that he had nude pictures of her,[12] and that numerous lawsuits had been filed against Taylor Algiere.[13]

The Pre-Petion and Post Petition facts recited above are an illustrative but not an exhaustive list of the Debtor's troubling conduct.

## CONCLUSIONS OF LAW

11 U.S.C. §1307(c) grants the Court authority to dismiss a case for cause and contains a non-exhaustive list of conduct that qualifies as cause to dismiss a case. While the Debtor's conduct is not enumerated in the statute, his conduct may be considered as cause to dismiss the bankruptcy.

The Court, based on the FINDINGS OF FACT, finds the conduct of the Debtor is cause to dismiss the case with prejudice for five years.

It is ORDERED a FINDING OF FACT herein may be construed as a CONCLUSION OF LAW and vice versa.

IT IS ORDERED this case is DISMISSED WITH PREJUDICE for a period of FIVE YEARS from the date of entry of this order.

###End of Order###

---

[10] Trustee Ex. Doc 35, pg. 5, l. 8-14
[11] Trustee Exs. Doc 34 – 10,11,15,16,18 and 19
[12] Trustee Ex. Doc 35, pg. 23, l. 14- 24
[13] Trustee Ex. Doc 35, pg. 14, l. 5 – pg. 20, l. 6

Approved:


/s/ Thomas D. Powers
Thomas D. Powers
Standing Chapter 13 Trustee
State Bar No. 18216700
105 Decker Court, Ste 1150
Irving, Texas 75062
Email: tomp@dallasch13.com